Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132889)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff: CARMEN JOHN PERRI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN JOHN PERRI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HODORI KOREAN RESTAURANT, a business of unknown form; OLYVER PROPERTIES, LLC., a California Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No**. 2:18-cv-01933-AB-AGR<br><br>**PLAINTIFF'S CASE STATEMENT** |

1
**PLAINTIFF'S CASE STATEMENT**

Pursuant to this Court's "ADA Disability Access Litigation Order Staying Action and Requiring Early Mediation," filed April 16, 2018, Plaintiff submits his ADA Mediation Statement.

## A.  INTRODUCTION

Plaintiff is an adult California resident who is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting and grasping objects. Plaintiff had a cervical laminectomy (removal of the back side of 4 vertebrae in his neck) with instrumentation (brackets, screws and rods to hold his neck together). The surgery caused further injury to his spinal cord. Resultant permanent damage to his nerves causes weakness and fatigue, pain and loss of strength in his arms, hands and legs. In addition he has developed permanent nerve damage that has caused increased pain and limits his ability to function and in his mobility, especially for any extended period of time. Therefore, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing ambulating, and/or sitting.   As a result of his impairments, he is subject to falls, is unsteady on his feet, cannot walk for any significant distance without having to periodically rest and often uses a wheelchair and walker for mobility. At the time of Plaintiff's visits to Defendants' facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA. Plaintiff has a Disabled Person Parking Placard issued to him. Plaintiff personally visited Defendants'

facilities but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendants' Hodori Korean Restaurant, a business of unknown form and Olyver Properties, LLC, a California Limited Liability Company ("Defendants") facilities located at 1001 S. Vermont Ave., #102 Los Angeles, CA 90006 (the "Property").

**B.    ITEMIZED LIST AND NARRATIIVE**

The specific conditions that form the basis of the lawsuit include the following:

Instead of having architectural barrier free facilities for patrons with disabilities, Defendants have:

- an absence of designated parking spaces available for persons with disabilities that complied with the ADAAG;
- a curb ramp connecting the accessible pathway to the Business that extends into the accessible parking space access zone (Section 406.5);
- a curb ramp which is in excess of the 2% maximum grade allowed by the ADAAG (Section 406.1);
- a round door knob to the restroom that requires significant grasping and twisting;
- sink and drain pipes in the restroom that are exposed;
- a soap and towel dispensers that are too high; and
- Defendants have no policy or plan in place to make sure that the designated parking spaces and isles, and the interior of the Business are complaint for persons with disabilities and remain compliant at all times relevant at the Property.

///

## C. AMOUNT OF DAMAGES

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Cal. Civ. Code § 51(f). Under the Unruh Act, a party that discriminates against a plaintiff in violation of Civ. Code § 51 shall be liable for actual damages, up to three times actual damages but "in no case" less than $4,000.00 for each time that she was discriminated against. Cal. Civ. Code § 52(a). In the present matter, the Plaintiff alleges one statutory minimum penalty assessment of $4,000.00 for the barriers identified in the parking area pursuant to California Civil Code § 52 and one statutory minimum penalty assessment of $4,000.00 the barriers located inside the business pursuant to California Civil Code § 52. In addition, Plaintiff alleges a single statutory minimum penalty assessment of $4,000.00 for the deterrence damages Plaintiff is entitled to pursuant to *Johnson v. Guedoir*, 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal. E.D. 2016). Plaintiff claims $12,000 in total statutory damages.

## D. AMOUNT OF ATTORNEY'S FEES AND COSTS

Plaintiff claims $10,000 in attorney's fees and costs. This includes attorney's fees and costs incurred up to and including the mediation, drafting a settlement agreement to accomplish ADA compliance by Defendants and to monitor and assist with same prospectively.

### E. DEMAND FOR SETTLEMENT OF CASE

Plaintiff has standing to seek injunctive relief for all barriers contained on Defendants' Property, because "[a]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008). Because Plaintiff has encountered multiple barriers described in the itemized list of Part B to this Case Statement, Plaintiff has standing to seek and obtain injunctive relief requiring Defendants to remove all access barriers contained on the Property.

To obtain the relief sought herein, and settle this matter at mediation, Defendants pay $22,000 in total monetary consideration.

Dated: April 30, 2018　　　　　**MANNING LAW, APC**

　　　　　　　　　　　　　　　By: /s/ Joseph R. Manning Jr., Esq.
　　　　　　　　　　　　　　　　Joseph R. Manning Jr., Esq.
　　　　　　　　　　　　　　　　Michael J. Manning, Esq.
　　　　　　　　　　　　　　　　Craig G. Côté, Esq.
　　　　　　　　　　　　　　　　Attorneys for Plaintiff